**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Tristan Simonds,<br><br>Plaintiff,<br>v.<br><br>Focus Receivables Management, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: 3:14-cv-30002<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Tristan Simonds, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4. The Plaintiff, Tristan Simonds ("Plaintiff"), is an adult individual residing in Southwick, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Focus Receivables Management, LLC ("Focus"), is a Georgia business entity with an address of 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Collectors") are individual collectors employed by Focus and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Focus at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An individual other than the Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Focus for collection, or Focus was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

12. Within the last year, Focus contacted Plaintiff in an attempt to collect the Debt from the Debtor.

13. At all times mentioned herein, Focus contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 413-xxx-5985, using an automated telephone dialer system ("ATDS") with an artificial or prerecorded voice.

14. When Plaintiff answered such calls from Focus, he would hear a prerecorded message stating that they were debt collectors, and were calling for the purpose of attempting to collect the Debt, and instructed Plaintiff to call them back.

15. Upon information and belief, Plaintiff owes no debts, has never provided his cellular phone number to Focus or the Creditor, and has not given Focus or the Creditor prior express permission to place ATDS calls to his cellular phone.

16. In September 2013, Plaintiff called Focus back in order to learn why they were calling him. During their conversation, Focus stated they had no record of Plaintiff or of any calls placed to him. Plaintiff requested that Focus cease placing ATDS calls and all calls to his cellular phone.

17. Despite Plaintiff's request, Focus continued to place such calls to Plaintiff's cellular phone on at least fifteen more occasions after his original request for the calls to stop.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information.

20. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.***

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

28. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an ATDS and/or by using a prerecorded or artificial voice.

31. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

32. Regardless, Defendants continued to place automated calls to Plaintiff's cellular telephone using a prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

33. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

34. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT IV**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

40. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with repeated ATDS calls to his cellular phone.

41. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

42. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

44. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
3. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 2, 2014

Respectfully submitted,

By *__/s/ Sergei Lemberg__*

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff